IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COLYN F., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII<br><br>Defendant. | ) | CV. NO. 12-00009 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiffs Colyn F. and Jaydalyn N.'s motion for attorneys' fees and costs. (Doc. # 15.) After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiffs' motion for attorneys' fees be GRANTED IN PART.[1] Specifically, the Court awards Plaintiffs $60,767.78 in attorneys' fees and costs.

## BACKGROUND

The factual and procedural history of this Individuals With

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

Disabilities Education Act ("IDEA") case is summarized in the Hearings Officer's October 3, 2011, decision. Briefly stated, the Hearings Officer concluded that the DOE denied Jaydalyn N. a Free and Appropriate Public Education. After the parties failed to reach an agreement as to attorneys' fees, Plaintiffs filed the instant action and motion. The DOE asserts that Plaintiffs are entitled to fees, but that Plaintiffs' request is excessive and Plaintiffs' counsel spent an excessive amount of time on the case. As discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

DISCUSSION

The IDEA permits the award of attorneys' fees to a prevailing party. 20 U.S.C. § 1415(i)(3)(B). The Ninth Circuit has defined a prevailing party as "a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Parents of Student W. v. Puyallup Sch. Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A prevailing party is also entitled to litigation costs. See Fed. R. Civ. Proc. Rule 54(d)(1); see also Local Rule 54.2(a).

The parties do not dispute that Plaintiffs prevailed. Thus, the critical question is the amount of fees and costs Plaintiffs are entitled to. To determine whether a fee award is reasonable, the Court must scrutinize the reasonableness of

"(a) the number of hours expended and (b) the hourly fee claimed." Long v. I.R.S., 932 F.2d 1309, 1313-14 (9th Cir. 1991).  If those two figures are reasonable, then "there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award." Id.  "The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary."[2] Id.  As discussed below, the Court concludes that Plaintiffs' hourly rate is excessive, and that some of the time claimed was unnecessary.

A.      Plaintiffs' Counsel's Hourly Rate is Excessive.

In "determining a reasonable hourly rate, the district court should be

---

[2] The Ninth Circuit has adopted the following factors to guide the Court's evaluation of a fee award:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir.1986)).

Plaintiffs seek hourly rates of $400.00 for Stanley Levin, $275 for Susan Dorsey, and $85.00 paralegal Bruce Ellis.

The Court finds that Susan Dorsey and Stanley Levin's rates are unreasonable. Although both produced documentation from attorneys asserting that their rates were reasonable, after evaluating rates awarded in similar proceedings, the Court finds that hourly rates of $300 and $200 are appropriate for Stanley Levin and Susan Dorsey. See Carrie I. v. Dept. of Educ., Civ. No. 11-00464 JMS-RLP, at 8-10 (D. Haw. July 25, 2012) (awarding similar hourly rates in an IDEA proceeding); Marc M. ex rel. Aidan M. v. Dept. of Educ., Civ. No. 10-00195 DAE-RLP, 2011 WL 5320752, at *4 (D. Haw. May 26, 2011) (same).

With respect to Bruce Ellis' hourly rate, Courts in this district have typically allowed a rate of $85 per hour for paralegals. See Donkerbrook v. Title Guar. Escrow Services, Inc., Civ. No. 10–00616 LEK–RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2010 WL 447451, at *2-3 (D. Haw. Feb. 9, 2010) (finding

that $85 is a reasonable hourly rate for a paralegal with thirty years of experience). Thus, the Court finds that Bruce Ellis' rate is reasonable.

B. Some of the Time Expended By Plaintiffs' Counsel is Excessive.

The DOE asserts that the Court should deduct the time spent by Bruce Ellis attending the administrative hearing, because Susan Dorsey billed for the hearing as well. (Doc. # 18 at 27.) The Court agrees. Courts generally do not allow two attorneys to bill for attending the same meeting. HRPT Properties Trust v. Lingle, 775 F. Supp.2d 1225, 1240 (D. Haw. 2011). Likewise, when two attorneys attend the same hearing, and only one attorney participates, Courts do not allow both attorneys to bill for the hearing. Id. In this case, Bruce Ellis' participation at the hearing appears unnecessary in light of Susan Dorsey's attendance, and the Court therefore deducts 28.6 hours he spent at the hearing and preparing for the hearing. (See Pl.'s Additional Ex. to Mtn. For Attorneys' Fees, Ex. E.)

C. The Court Rejects the Remainder of the DOE's Arguments Regarding the Time Expended By Plaintiffs' Counsel.

The DOE asserts that the Plaintiffs cannot recover time spent on "general allegations of abuse" rather than the individual concerns in this case. (Doc. # 18 at 25.) The Court concludes that the Plaintiffs can recover their time related to the DOE letters, because it appears reasonably necessary to prosecute

this case.

The DOE asserts that a billing entry for "meeting with Bruce regarding status" is too vague to allow the Court to assess its reasonableness. The Court disagrees because the entry informs the Court that there was a thirty minute meeting regarding the status of the case. In light of the brevity of the meeting, the Court concludes that further description is unnecessary in this particular instance.

The DOE asserts that Susan Dorsey should not have billed for drafting declarations and subpoenas, because a paralegal could have performed those tasks. (Doc. # 18 at 26.) The Court declines to adjust the request for fees on this ground, because Plaintiffs' counsel did not spend an excessive amount of time on the tasks. Likewise, the DOE's assertion that Plaintiff's counsel billed for unnecessary meetings is not persuasive because the meetings do not appear excessive.

The Court declines to reduce the amount of fees awarded for Plaintiff's research because the amount and type of research appears reasonably calculated to prosecute the case and is not excessive. Finally, the amount of time spent on the closing brief and proposed findings (65.5 hours), does not appear excessive in light of the nature of the proceedings below.

D. <u>Plaintiff's Request for Costs is Granted in Part.</u>

Plaintiffs' request for costs is reasonable, except with respect to

copying costs. Plaintiffs charged 3295 copies at a rate of $.22 per page. (See Doc. # 21.) Local Rule 54.2(f)(4) provides that "the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable." Because Plaintiffs did not use a commercial copier, the $.15 rate applies. Even if Plaintiffs had used a commercial copier, the Court concludes that $.22 per page is unreasonable given the volume of copies. Therefore, the Court concludes that the total amount awardable for copying costs charged by Davis Levin Livingston is $494.25 (3295 copies * $.15), and the total amount of allowable costs is $1505.60.

Based on the foregoing, the Court calculates the lodestar as follows:

| Attorney | Reasonable Hours | * Reasonable Rate = | Lodestar |
|---|---|---|---|
| Stanley Levin | 2.8 | $300 | $840 |
| Susan Dorsey | 232.8 | $200 | $46,560 |
| Bruce Ellis | 13.5 | $85 | $1,147.50 |

After adding $7,980.15 in attorneys' fees for preparing the briefs in the instant motion (see Pl.'s Reply Brief at 20) and costs in the amount of $1505.60, the total amount fees and costs Plaintiffs are entitled to prior to general excise tax is $58,033.25. The Court also awards Plaintiffs general excise tax (4.712%), and therefore FINDS and RECOMMENDS that Plaintiffs be awarded a

total amount of $60,767.78 in attorneys' fees and costs.

DATED: Honolulu, Hawaii, October 29, 2012.

IT IS SO FOUND AND RECOMMENDED.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Barry M. Kurren

United States Magistrate Judge

Colyn F. v. Dept. of Educ., State of Hawaii; Civ. No. 12-00009 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

8