IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

COLYN F., et al.,           )   CIVIL. NO. 12-00009 SOM/BMK
                            )
        Plaintiff,          )   ORDER MODIFYING AND ADOPTING
                            )   AS MODIFIED THE MAGISTRATE
    vs.                     )   JUDGE'S FINDINGS AND
                            )   RECOMMENDATION REGARDING
DEPARTMENT OF EDUCATION,    )   ATTORNEYS' FEES
STATE OF HAWAII,            )
                            )
        Defendant.          )
                            )
_____ )

**ORDER MODIFYING AND ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES**

**I.      INTRODUCTION.**

        This is a lawsuit about attorneys' fees and costs

claimed by Plaintiff Colyn F., the mother of Plaintiff Jaydalyn

N., under the Individuals With Disabilities Education Act

("IDEA").  Plaintiffs prevailed against Defendant Department of

Education of the State of Hawaii ("DOE") in administrative

proceedings.  The merits of that result are not before the court.

The only matter before the court are the Magistrate Judge's

findings and a recommendation ("F&R") that Plaintiffs be awarded

$60,767.78 in attorneys' fees and costs.  The DOE objects to the

F&R on two grounds.  ECF No. 28.  First, the DOE argues that the

amount awarded in connection with administrative proceedings is

excessive.  Second, the DOE argues that the court should not

award Plaintiffs any fees or costs for having moved for fees and

costs before this court, or, at the very least, that the court

should reduce any such award.  With respect to the portion of the award relating to administrative proceedings, the court corrects errors in the calculation of the award.  With respect to the portion of the award relating to the present court action, the court is not persuaded that fees and costs are entirely unrecoverable, but agrees that the amount awarded in that regard should be reduced.

II.     **BACKGROUND.**

Having prevailed on the merits of the IDEA dispute in administrative proceedings, Plaintiffs, pursuant to 20 U.S.C. § 1415(e)(3)(B), submitted a demand for their attorneys' fees and costs to the DOE on November 8, 2011, in the amount of $54,550.50.[1]  Exhibit 14 to DOE Objections, ECF No. 18-15.  The

---

[1] In their response to the DOE's objections to the F&R, Plaintiffs note their position that the DOE should not have detailed settlement discussions in its filings with this court because evidence of settlement discussions is inadmissible pursuant to Rule 408 of the Federal Rules of Civil Procedure. See ECF No. 29 at 5.  In the context of this action, Plaintiffs' reliance on Rule 408 is misplaced.  This is so notwithstanding the DOE's own citation to Rule 408 during the settlement discussions.  The statute authorizing an award of fees to a prevailing party in an IDEA case specifically refers to consideration of settlement negotiations.  Fees may not be awarded if, among other things, a court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  20 U.S.C. § 1415(i)(3)(D)(i)(III).  This prohibition is inapplicable if the prevailing party is a parent "who was substantially justified in rejecting the settlement offer."  Id. § 1415(i)(3)(E).  In moving for fees under the IDEA, Plaintiffs must permit the court to have before it a record sufficient to determine whether statutory provisions concerning settlement discussions apply.

2

attorneys' fees reflected in the demand, which included detailed time records, were based on an hourly billing rate of $300 for Stanley Levin and an hourly billing rate of $200 for Susan Dorsey. <u>Id.</u>

On December 28, 2011, Plaintiffs' counsel informed the DOE by email that, absent an agreement on fees and costs before January 3, 2012, Plaintiffs would "file a complaint in USDC on the matter of appropriate fees and costs. In addition to the fees and costs incurred at the administrative level there will be additional fees and costs to prosecute collection of our reasonable attorney's fees and costs." ECF No. 18-16 at 338.

The next day, the DOE responded with an email proposing a settlement of $40,000, subject to approval by the DOE and the Attorney General. ECF No. 18-16 at 337. Plaintiffs promptly rejected the settlement offer as "totally unacceptable." <u>Id.</u> at 336.

Plaintiffs filed the present lawsuit on January 5, 2012. ECF No. 1. In an email sent on January 13, 2012, Plaintiffs offered the DOE a "courtesy" discount of $2,500, which brought Plaintiffs' settlement demand to $52,050. ECF No. 18-16.

At a meeting to discuss settlement held on May 4, 2012, the DOE increased its settlement offer to $46,000. Decl. of Jerrold Yashiro ¶ 7, ECF No. 18-18. Plaintiffs did not accept that offer, continuing instead to demand $52,050. <u>Id.</u>

3

Having not reached a settlement, Plaintiffs filed a Motion for an Award of Attorneys' Fees and Costs ("Motion") on June 1, 2012.  ECF No. 16.  Plaintiffs' Motion eliminated certain charges that had been included in Plaintiffs' settlement demand, but the total amount sought was higher than had been demanded during settlement discussions.  That was not only because fees and costs incurred after settlement discussions were included, but also because the Motion reflected increased hourly rates of $400 for Mr. Levin and $275 for Ms. Dorsey.  These new rates were applied to all fees, including those that had been reflected in the demand sent to the DOE in November 2011.

On October 29, 2012, the Magistrate Judge issued an F&R that included the following calculation for work billed by the hour in connection with administrative proceedings:

| Attorney | Reasonable Hours | Reasonable Rate | Lodestar |
|---|---|---|---|
| Stanley Levin | 2.8 | $300 | $840 |
| Susan Dorsey | 232.8 | $200 | $46,560 |
| Bruce Ellis (Paralegal) | 13.5 | $85 | $1,147.50 |
| | | | $48,547.50 |

See F&R at 7, ECF No. 27.  The Magistrate Judge's total of $48,547.50 for work billed by the hour applied the original hourly rates for both of Plaintiffs' attorneys, Mr. Levin and Ms. Dorsey, without deducting any time for their services.  However,

4

while accepting the hourly rate for Bruce Ellis, a paralegal, the
F&R deducted 28.6 hours that Mr. Ellis had spent attending the
administrative hearing, noting that his "participation at the
hearing appears unnecessary in light of Susan Dorsey's
attendance."  Id. at 5.  The F&R added costs of $1,505.60 to the
$48,547.50 for work billed by the hour.  Id.  Moreover, the F&R
awarded $7,980 in attorneys' fees incurred in seeking fees and
costs in the present action before this court.  Id.  After adding
4.712% for taxes, the Magistrate Judge proposed that Plaintiffs
be awarded a total of $60,767.78.  Id. at 8.

          The DOE objects to the F&R on several grounds.  With
respect to the award of fees and costs relating to the
administrative hearing, the DOE repeats arguments it made to the
Magistrate Judge that the amounts claimed by Plaintiffs are
excessive.  With respect to the portion of the award relating to
the present court action, the DOE says Plaintiffs are not
entitled to receive any amount at all because Plaintiffs' own
actions prevented a settlement.  The DOE notes that, during
settlement discussions, Plaintiffs had relied on records
containing errors, many of which Plaintiffs corrected in
calculating fees and costs in the Motion.  The DOE cites Hensley
v. Eckerhart, 451 U.S. 434, 434 (1983), which states, "Counsel
for the prevailing party should make a good faith effort to

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  According to the DOE:

> Had Plaintiffs' counsel carefully scrutinized their bill back in November of 2011 before presenting it to Defense counsel as required by Hensley, the matter would likely have been resolved without the need for this lawsuit. As calculated above, if you apply Plaintiffs' original billing rate to the current invoice it comes to just over $49,200.00.  If you apply the previously offered $2,500.00 "courtesy discount," that would put Plaintiffs at $46,700.00.  As noted above, Defendant[']s last offer was $46,000.00.  It is unlikely that the parties would have foregone settlement over the difference of $700.00.

Objection at 28, ECF No. 28.

The DOE argues that, even if Plaintiffs are entitled to an award relating to the present court action, it should not be in the amount stated in the F&R.  In this regard, the DOE notes that, at the very least, the Magistrate Judge's proposed award should be reduced to correct inadvertent errors.  The DOE identifies two such errors.  First, the DOE notes that, although the F&R recommended that Ms. Dorsey's fees be approved at $200 per hour, the Magistrate Judge's proposed award includes fees relating to the Motion billed by Ms. Dorsey at the rate of $275 per hour.  Second, the DOE complains that the Magistrate Judge's proposed award includes some time spent by the paralegal for attending a court hearing that Ms. Dorsey attended, even though the Magistrate Judge said that such time billed by the paralegal

during administrative proceedings was not compensable.  In this

order, this court corrects these and other calculation errors.

III.      STANDARD OF REVIEW.

          The court reviews <u>de novo</u> those portions of an F&R to

which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b); Local Rule 74.2.  The district court may accept those

portions of the findings and recommendation that are not objected

to if it is satisfied there is no clear error on the face of the

record.  <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw.

2003).

IV.       ANALYSIS.

          A.    **This Court Corrects a Double-Counting Error and A
                Tax Calculation Error in the Portion of the F&R
                Relating to Administrative Proceedings, but
                Otherwise Adopts the F&R with Respect to Fees and
                Costs Relating to Administrative Proceedings.**

          This court begins by correcting a calculation error in

the F&R independent of errors identified in any brief.  The error

that neither party has mentioned concerns the double-counting of

some of Ms. Dorsey's hours.

          During settlement discussions occurring before the

present lawsuit was filed, Ms. Dorsey indicated that she had

spent 223.7 hours in connection with administrative proceedings.

<u>See</u> ECF No. 18-15.  She later recalculated those hours and listed

207.4 hours for work relating to administrative proceedings.  <u>See</u>

Exhibit B to Motion, ECF No. 16-2.  Ms. Dorsey then billed an

7

additional 25.4 hours for her work in the present court action.
See Exhibit I to Motion, ECF No. 16-9.  The F&R, however, says
that Ms. Dorsey spent 232.8 hours in administrative proceedings.
This figure is the sum of the recalculated 207.4 hours for
administrative proceedings and the 25.4 hours relating to this
court action.  When the F&R then awards Plaintiffs $7,980.15 in
the present action, it is double-counting the 25.4 hours for Ms.
Dorsey's work, as those hours are already included in the figure
of 232.8 hours.  See id.; see also F&R at 7, ECF No. 27.  This
court corrects this mathematical error by setting the awardable
hours spent by Ms. Dorsey in administrative proceedings at 207.4.
This court recalculates the award relating to work billed by the
hour in connection with administrative proceedings as follows:

| Attorney | Reasonable Hours | Reasonable Rate | Lodestar |
|---|---|---|---|
| Stanley Levin | 2.8 | $300 | $840 |
| Susan Dorsey | 207.4 | $200 | $41,480 |
| Bruce Ellis (Paralegal) | 13.5 | $85 | $1,147.50 |
| | | | $43,467.50 |

To the above figure of $43,467.50 the court adds the
portion of the $1,505.60 in costs awarded by the Magistrate Judge
that relates to administrative proceedings.  This court

8

calculates those costs as being $1,002.30, given the subtraction of $503.03 in costs incurred in the present court action.[2]

This court notes that the Magistrate Judge treated the entire cost award as subject to a 4.712% tax. The Magistrate Judge should have separated cost items subject to tax from those not subject to tax. Certain cost items billed by third parties were not subject to additional tax. For example, included in the materials Plaintiffs submitted in support of their request for costs was an invoice from a commercial copying service for $118.35, a figure that included tax charged by the commercial copying service. ECF No. 16-8. The DOE should not be assessed taxes on sums already taxed. Indeed, Plaintiffs themselves were careful to distinguish this invoice from costs subject to tax at 4.712%, noting the distinction in a chart on page 23 of the memorandum they filed in support of their Motion. ECF No. 15-1. Plaintiffs also noted that a bill for $265 from a process server was not subject to tax. Id. Plaintiffs treated bills from the law firm of Davis Levin Livingston, to which Mr. Levin once belonged, as akin to in-house charges subject to tax. This

_____

[2] The $503.03 figure includes (a) $104.85 for copying 669 pages at $.15 per page, (b) $372 for filing the present court action and obtaining two certified copies of the Complaint, and (c) $26.18 for service of the Complaint. See ECF No. 15-1 at 22-23 (page numbers at bottom of pages)and ECF No. 21 (further cost details). Costs relating to this court action are addressed below, together with the discussion of fees relating to this action.

treatment was not challenged by the DOE.  The court therefore exempts the commercial copying service's invoice and the process servicer's invoice, which together total $383.35, from being taxed at 4.712%.

Tax of 4.712% on $44,086.45, which is the sum of $43,467.50 for work billed by the hour and the $618.95 in costs subject to being taxed, is $2077.35.  The total awarded by this court in connection with administrative proceedings is $46,547.15 ($44,086.45 + $2,077.35 + $383.35).

The DOE points to several other specific items claimed by Plaintiffs in connection with administrative proceedings as excessive.  This court, having reviewed all of those items <u>de novo</u> in light of the DOE's objections, determines that the Magistrate Judge's reasoning and recommendation in connection with those items is correct in all respects not otherwise noted here.  The court therefore adopts the F&R with respect to fees and costs relating to administrative proceedings, except as modified by elimination of time Ms. Dorsey spent in the present court action and adjustment of the cost amount subject to being taxed at 4.712%.

**B.   The Court Reduces the Fees Awarded in the Present Court Action.**

The DOE argues that Plaintiffs should be denied recovery of any fees incurred in the present action because they could have settled the fee dispute.  To deny entirely any

recovery of fees and costs incurred in the present action would require this court to assume that the dispute would have settled absent Plaintiffs' actions.  This, however, would be mere speculation.

Admittedly, Plaintiffs' initial settlement demand was based on time records that included a number of items Plaintiffs later eliminated.  The court also notes that the figure this court reaches in the present order with respect to administrative proceedings is extremely close to the DOE's final settlement offer of $46,000.  The court cannot say, however, that the record in this case establishes that a settlement would certainly have occurred but for the purported errors in Plaintiffs' initial settlement demand.

The court understands that parties may decide that, having already made some compromises, they must draw the line somewhere.  Neither side was working with the figure this court reaches in this order.  They were instead beginning with the figure Plaintiffs provided.  Because Plaintiffs had submitted their time records to the DOE during settlement negotiations, Plaintiffs were not the only ones who could have detected any discrepancies.  The DOE had an opportunity to discover Plaintiffs' purported errors for itself and, in fact, says that after the present lawsuit was filed but before the Motion was filed, it specifically complained about a charge for $1,200 that

the DOE says should not have been included.  See Decl. of Jerrold Yashiro ¶ 6, ECF No. 18-18.

Of course, Plaintiffs could have compromised further quite apart from the purported errors, but the DOE could similarly have compromised further to close the gap between the parties.  Although in the present order the court reaches a figure very close to the DOE's final settlement offer with respect to administrative proceedings, this court does not take the position that Plaintiffs were required during settlement discussions to abandon positions they believed they were entitled to take, such as their contention that all their charges for paralegal services were recoverable.  A court's decision to the contrary is subject to challenge, and Plaintiffs, not knowing at the time of settlement discussions whether they would ultimately find the court's award acceptable, cannot be said to have necessarily acted in bad faith in seeking paralegal charges. Because the court does not find in the record a basis for concluding that this case would certainly have settled but for Plaintiffs' inclusion of items they later eliminated, the court does not agree with the DOE that no fees at all should be awarded relating to the present court action.

Certainly, this court is not making a finding that "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  See 20 U.S.C.

§ 1415(i)(3)(D).  Plaintiffs are recovering more than the $46,000 offered by the DOE.  That offer was made on May 4, 2012.  See Decl. of Jerrold Yashiro ¶ 7, ECF No. 18-18.  By that time, Plaintiffs had filed this lawsuit and had certainly incurred fees and costs beyond those that had been included in Plaintiffs' original November 2011 settlement demand or Plaintiffs' offer in January 2012 of the "courtesy" discount that reduced their demand to $52,050.  Absent the finding required by § 1415(i)(3)(D), a fee award is not prohibited with respect to services performed after the DOE offered to pay $46,000 in May 2012.

The court nevertheless agrees with the DOE that what Plaintiffs did in submitting their Motion made further settlement discussions extremely unlikely.  Plaintiffs' Motion reflects significant increases in hourly rates over the rates reflected in settlement negotiations.  The increased hourly rates caused the total demand to rise from $54,550.50 to $65,864.41 for the same work.  This retroactive and significant increase was not designed to encourage settlement.  The manner in which this increase was communicated had the effect of frustrating the purpose of Local Rule 54.3, which encourages parties to make a "good faith effort" to reach an agreement.

The decision to use the Motion to set a new standard that might apply in other cases involving Plaintiffs' counsel appears to have been aimed more at future advantage than at a

13

resolution of the present action.  Notably, Mr. Levin had spent only 2.8 hours in administrative proceedings.  Plaintiffs' decision to seek a 33.33% increase in his hourly rate of $300 for this small amount of time could hardly have been based on actual monetary considerations relevant to the present case.  Moreover, the DOE says that "Ms. Dorsey indicated that she would be unwilling to negotiate off of her previous offer unless the Attorney General's office agreed to approve an increase in her billing rate in all future IDEA cases."  Decl. of Jerrold Yashiro ¶ 8, ECF No. 18-18.  Indeed, in an earlier email, Ms. Dorsey had said, "I should also inform you that I will be seeking a higher hourly rate from the USDC as my rate has remained the same since 2010."  ECF No. 18-16 (email dated December 29, 2011).

        The court understands that, if Plaintiffs' attorneys want to have fee awards based on higher hourly rates, they must start somewhere.  That is, there will have to be a first case in which an increased rate is sought.  The court also understands that Plaintiffs' attorneys may question why attorneys in some legal specialties are awarded fees at higher rates than Plaintiffs' attorneys are being awarded, given the indisputable importance of the education of our children.  This court is certainly not saying that an attorney can never raise his or her hourly rate and must remain for an untold number of years at the same rate.  But the manner in which Plaintiffs proceeded with

their decision to increase hourly rates very nearly guaranteed an expansion of the present fee dispute.

Plaintiffs sought to have the higher rates apply retroactively. Although at the time the work was performed they presumably had assigned certain hourly rates to that work, the work was given a higher value after the work had been completed and after settlement discussions had occurred based on the original figures. And the increase was substantial, not incremental. The court questions whether any attorney could justify to a client a retroactive increase of such magnitude, imposed all at once. The record does not indicate that the DOE knew the size of the increase before the Motion was filed. The manner in which the increase was sought made it highly unlikely that the DOE's reaction would be conciliatory.

The way Plaintiffs sought to raise the hourly rates was not reasonable. Section 1415(i)(3)(B) permits an award of "reasonable attorneys fees." The way the increased rates were handled led to considerable acrimony, and time spent as a result cannot be characterized as having been "reasonably" spent. This court therefore reduces the fees awardable relating to this court action.

First, the court corrects the two errors by the Magistrate Judge that the DOE has identified. Ms. Dorsey's time in this lawsuit will be awarded at the rate of $200 per hour, and

15

the single hour that Mr. Ellis spent attending the status conference before the Magistrate Judge will be deleted.  At $200 per hour, Ms. Dorsey's total of 25.4 hours relating to this lawsuit is worth $5,080, and the two-tenths of an hour that Mr. Ellis spent (after the hour at the status conference is subtracted) amounts to $17, for a total of $5,097.

Second, because the nature of Plaintiffs' retroactive increase of billing rates needlessly exacerbated litigation proceedings, the court awards Plaintiffs only $2,548.50, half of the $5,097 in fees relating to the Motion.  This reflects the court's best estimate of the effect of the increased hourly rates.  Not all the time spent on the Motion was dependent on the increased rates, and Plaintiffs, having commenced this lawsuit in January 2012, had already incurred fees and costs in this lawsuit before the DOE offered $46,000 in May 2012.

Plaintiffs are also awarded costs totaling $503.03, which includes $372 for filing the Complaint and obtaining certified copies of the Complaint, $26.18 for service of process, and $104.85 for copying charges.  As Plaintiffs themselves note in the chart on page 23 of the memorandum in support of their Motion, only the last of those items is subject to tax at 4.712%. ECF No. 15-1.

Tax of 4.712% on the sum of $2,548.50 for work charged by the hour and $104.85 in costs is $125.03.

16

The total amount awarded in connection with this lawsuit is $3,176.56 ($2,548.50 + $503.03 + $125.03).  When that is added to the $46,547.15 being awarded in fees, costs, and taxes relating to administrative proceedings, Plaintiffs are entitled to $49,723.71.

> ### C.    The Court Declines To Address Requests Made by Plaintiffs in Their Response to the DOE's Objections.

In responding to the DOE's objections, Plaintiffs make several requests.  This court declines to address those requests in the present order.

First, some of Plaintiffs' requests seek modifications to the F&R not requested by the DOE.  For example, Plaintiffs urge this court to apply increased hourly rates in the fee award. Plaintiffs' requests seeking modifications to the F&R are in the nature of untimely cross-objections to the F&R.  Any cross-objection was required by Local Rule 74.2 to be filed and served "within four (4) days of the filing of an objection or within fourteen (14) days after being served with a copy of the order, findings, or recommendations, whichever is later."  The F&R was electronically served on counsel on both sides on October 29, 2012, the day the F&R was filed.  The DOE timely filed and electronically served its objections on November 9, 2012. Plaintiffs filed their response to the DOE's objections on November 23, 2012.  That constituted a timely filing of a

17

response, but not of cross-objections, as the filing on November 23 was neither within four days of the November 9 filing by the DOE of its objections nor within fourteen days of the October 29 filing of the F&R.

To the extent Plaintiffs' requests do not seek modifications of the F&R, the court declines to address such requests in this order because, absent an exception to the general rule, the DOE has no opportunity to address Plaintiffs' requests. Local Rule 74.2 states, "No reply in support of objections or cross-objections to a magistrate judge's case-dispositive proposed order, findings, or recommendations shall be filed without leave of court." Moreover, this court is disposing of the DOE's objections without a hearing. Under these circumstances, it would not be fair for the court to address what is essentially a motion made by Plaintiffs in their response to the DOE's objections.[3]

---

[3] Among the requests the court is declining to address is Plaintiffs' request for leave to seek fees relating to the preparation of their response to the DOE's objections. The court understands that Plaintiffs were forced to incur attorney's fees in that regard and that Plaintiffs may believe that, absent an award of such fees, the DOE might be encouraged to routinely file objections in future cases. This court is taking no position on that matter in the present order and making no statement about whether such a belief would or would not be well-founded. The court only suggests that, before filing any motion seeking further fees, Plaintiffs do a careful calculation to determine whether such a motion would be worthwhile. That calculation may require consideration of (1) how much of the response repeated what was included in the Motion and in the reply memorandum submitted in support of the Motion, and (2) the applicability to

**V.**      **CONCLUSION.**

The court modifies the F&R by reducing the award of fees and costs payable by the DOE to Plaintiffs to $49,723.71, for the reasons set forth above.  In all other respects, the court adopts the F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 31, 2012.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Colyn F. v. Department of Education, State of Hawaii, 12-CV-0009 SOM-BMK, ORDER MODIFYING AND ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES

---

any new fee request of the analysis resulting in the reduction of the fees already awarded for work done in this lawsuit.